KITTS, Appellant,

v.

UTICA NATIONAL INSURANCE GROUP, Appellee.*

[Cite as *Kitts v. Utica Natl. Ins. Group* (1995), 106 Ohio App.3d 692.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006088.

Decided Oct. 4, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 74 Ohio St.3d 1513, 659 N.E.2d 1289.

*Elk & Elk Co., L.P.A., Todd Rosenberg, Arthur M. Elk* and *Susan P. Richlak,* for appellant.

*MaGuire, Vivyan & Schneider* and *Thomas F. Vivyan,* for appellee.

BAIRD, Presiding Judge.

This matter was heard on appeal from the decision of the Lorain County Court of Common Pleas granting summary judgment in favor of appellee, Utica National Insurance Group ("Utica"). We affirm the decision of the trial court.

Appellant James Kitts was injured in an automobile accident which occurred in Lorain County on September 20, 1992. He was a passenger in an automobile driven by a friend, and, at the time of the accident, lived in an apartment in Oberlin, Ohio. Kitts now is seeking to obtain insurance benefits pursuant to a Utica insurance policy issued in Connecticut.

Kitts's mother, Beverly Schoenberger, lives in Newington, Connecticut. She owns one-half of a corporation known as the Connecticut Center for Massage Therapy, with the other half of the company being owned by her ex-husband Stephen Kitts, James Kitts's former stepfather. The auto insurance policy in question was issued by Utica to the "Connecticut Center for Massage Therapy, Inc." on July 1, 1992. An uninsured motorist's coverage provision was added to the policy and was in effect on the date of the accident in which James Kitts was injured. A checked box on the policy identified the insured as a corporation. The corporation was the sole named insured; neither Beverly Schoenberger nor Stephen Kitts, nor any other person, was named as an insured. The insured vehicles were listed as a 1986 Toyota Camry and a 1985 SAAB. The policy did not cover the automobile in which James Kitts was injured; that auto was owned, operated, and insured by another person.

The Utica policy's uninsured motorist's provision contained the following language:

"B. WHO IS AN INSURED

"1. You.

"2. If you are an individual, any 'family member.'

"3. Anyone else occupying a covered 'auto.'

" * * *

"F.   ADDITIONAL DEFINITIONS

"1.   'Family member' means a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child."

James Kitts contends that he is entitled to coverage under this provision as a "family member," specifically claiming that he is a member of his mother's household.   He presents two assignments of error, of which we need consider only the first:

"The trial court erred in granting defendant-appellee's motion for summary judgment since the employment policy was ambiguous as a matter of law."

The trial court found, in rendering its decision awarding summary judgment to Utica, that the language of the policy was unambiguous and clearly denied coverage to James Kitts.   In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123.   Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) [n]o genuine issue as to any material fact remains to be litigated;  (2) the moving party is entitled to judgment as a matter of law;  and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274;  *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.   Since only legal questions exist, no special deference is to be afforded the trial court upon a review of an entry of summary judgment. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 267, 610 N.E.2d 1061, 1063–1064.

James Kitts first asserts that, since language in the Utica policy is ambiguous as to which persons, if any, are afforded coverage, the ambiguities must be construed in his favor.   It is true that in cases where such ambiguities exist in insurance policies, they are to be construed in favor of coverage. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 212, 519 N.E.2d 1380, 1384. Specifically, the *King* court determined that the policy in that case, issued to a corporation, contained "family oriented" language which created ambiguities. *Id.* at 212–213, 519 N.E.2d at 1384–1385.   However, absent ambiguity, the words of a policy must be given their plain and ordinary meaning. *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88–89.   We find no such ambiguities in the policy at issue in this case.

We addressed this same issue, and considered a policy with virtually identical language, in *Michigan Property & Cas. Guar. Assn.* (Sept. 2, 1992), Wayne App.

No. 2722, unreported, 1992 WL 217840. There, as here, the policy language clearly differentiated between corporate entities and individuals. Our opinion from that case is instructive:

"It is evident that, unlike the policy in *King*, [this] policy indeed provided coverage to some individuals. * * * Category 1 refers to 'you,' which is plainly defined in the policy as meaning only the * * * [c]orporation itself. While Category 2 seems to create an ambiguity if applied to a corporation because it refers to a corporation's 'family members,' a plain reading shows that the provision applies only when the insured is an individual. Unlike the policy in *King*, a distinction is made between 'you' and 'an individual.'" *Id.* at 6–7.

We find this analysis to be appropriate to this case as well. "You" in this case means the corporation, which is listed as the sole insured. Section (B)(2) provides a conditional "if" when considering whether coverage is extended to family members; only if the insured is an individual will such coverage be extended. This is clearly not the case here. The corporation and persons using the insured autos are the only insured parties. Neither Stephen Kitts nor Beverly Schoenberger is individually insured. Therefore, neither are their family members.

Given this conclusion, it becomes unnecessary to consider James Kitts's second assignment of error, which concerns a determination whether he was a "family member" eligible for coverage. Since we have determined that no family member would have been eligible, it is irrelevant whether James Kitts was, or was not, a family member. The trial court properly reached the same conclusion.

We find that the language of the policy is not ambiguous and therefore does not require construction in favor of coverage. The clear language of the policy establishes that the corporation is the insured party, and not the individuals who happen to own the corporation. Therefore, James Kitts is not entitled to coverage under the uninsured motorist's provision. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and SLABY, JJ., concur.