OPINION
On September 12, 1995, Appellee Donald Headley was seriously injured in an automobile accident. The accident was the direct and proximate result of the negligence of Sidney Mock. Mock carried liability coverage in the amount of $50,000. The proceeds of Mock's policy and Headley's own underinsured motorist coverage were exhausted. However, appellees' claims have not been fully compensated.
On the date of the accident, Appellee Donald Headley was employed by Clair Hughes Trucking, Inc. Appellee Headley admits that he was not in the scope of his employment, at the time of the accident, nor was he operating a vehicle owned by Clair Hughes Trucking, Inc. Clair Hughes Trucking, Inc. was insured by Appellant Grange Mutual Casualty Company ("Grange"). The Grange policy contained underinsured motorist coverage in the amount of $1,000,000 single limits.
Also on the date of the accident, Appellant Donald Headley was serving as the township clerk for Brush Creek Township, Muskingum County. Appellant was not in the course of his employment, with Brush Creek Township, on the date of the accident, nor was he operating a motor vehicle owned by the township. Brush Creek Township had an insurance policy with Ohio Government Risk Management Plan ("OGRMP"). This policy contained underinsured motorist coverage in the amount of $1,000,000.
Appellees presented underinsured motorist claims to both Grange and OGRMP. Both insurers denied appellees' claims on the basis that appellees were not insured under the respective policies of insurance. On November 12, 1996, appellees filed a declaratory judgment action against the appellants in the Muskingum County Court of Common Pleas. Appellees moved for summary judgment on December 16, 1996. The trial court granted appellees' motion for summary judgment on June 11, 1997, finding that each appellee was an insured under the policies of insurance issued by Grange and OGRMP. The trial court also found that each appellee had a separate claim subject collectively to the limits of the policies issued by appellants.
Appellants timely filed their notices of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, FINDING THAT PLAINTIFFS WERE EACH AN INSURED UNDER THE POLICY OF INSURANCE ISSUED BY THE DEFENDANT OHIO GOVERNMENT RISK MANAGEMENT PLAN.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, FINDING THAT EACH PLAINTIFF HAS A SEPARATE CLAIM SUBJECT COLLECTIVELY TO THE $1,000,000 LIMIT OF THE POLICY ISSUED BY OHIO GOVERNMENT RISK MANAGEMENT PLAN.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I
In the first assignment of error, appellants contend the trial court erred, as a matter of law, finding that appellees were each an insured under the policies issued by Grange and OGRMP. We agree.
It is well-settled law, in the State of Ohio, that "[l]anguage in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." Buckeye Union Ins. Co.v. Price (1974), 39 Ohio St.2d 95, syllabus. Therefore, absent any ambiguity, the words of a policy must be given their plain and ordinary meaning. Burris v. Grange Mut. Co. (1989), 46 Ohio St.3d 84,89. The language at issue, on appeal, is identical for both appellants and provides as follows under the uninsured/underinsured motorist sections of these policies:
(B) WHO IS AN INSURED
(1) You
(2) If you are an individual, any "family member".
 (3) Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 (4) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
In support of their argument that they are entitled to coverage pursuant to the above language contained in the Grange and OGRMP policies, appellees refer to the cases of King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208 and Decker v. CNAIns. Company (1990), 66 Ohio App.3d 576. We find both of these cases distinguishable from the facts of the case sub judice.
Instead, we find the cases of Keider v. Fed. Insurance Co. (Nov. 9, 1995), Cuyahoga App. No. 69196, unreported; Kitts v. UticaNational Ins. Group (1995), 106 Ohio App.3d 692; and MichiganProp. Cas. Guar. Assoc. v. Booth (Sept. 2, 1992), Wayne App. No. 2722, unreported, applicable to the matter under consideration. We will begin our analysis, of this assignment of error, by first distinguishing the King and Decker cases from the facts of the matter currently on appeal. In King, Dale Gordon, an employee of the Akron-Summit Community Action Agency ("ASCAA"), was killed while driving an automobile owned by Mildred Foster, a co-worker.King at 208. Gordon was in the course of his employment when the accident occurred. Id. After Gordon's estate received compensation from the negligent driver's bodily injury insurance policy and Foster's underinsured motorist insurance coverage, the executor of Gordon's estate sought further recovery under a contract of insurance issued by Nationwide Insurance Company ("Nationwide"), to ASCAA, which provided underinsured motorist insurance in the amount of $250,000. Id.
Nationwide denied King's claim and King filed a declaratory judgment action seeking a declaration that Gordon was an insured under the Nationwide policy and requesting an order for Nationwide to submit to arbitration of the claim. Id. at 208-209. Both parties filed motions for summary judgment and the trial court entered summary judgment for King finding Nationwide's underinsured motorist provision encompassed all ASCAA employees.Id. at 209. The court of appeals reversed the trial court finding that the policy covered only employees designated as drivers in named vehicles owned by ASCAA and since Gordon was not a designated driver, he was outside the scope of the coverage afforded by the policy. Id.
Upon appeal to the Ohio Supreme Court, the Court found that Gordon was covered by ASCAA's insurance policy issued by Nationwide. Id. In reaching this conclusion, the Court relied upon the following language contained in the "Definitions" section of the insurance policy and the language contained in the underinsured motorist provision regarding coverage. The "Definitions" section defines "YOU" and "YOUR" as follows:
DEFINITIONS
 The language of this insurance policy includes certain common words for easy understanding. They have exactly defined meanings, however. In this policy:
 1. The words "YOU" and "YOUR" mean or refer to the policyholder first named in the attached Declarations, and include that policyholder's spouse if living in the same household. Id.
* * *
The underinsured motorist provision provides, in pertinent part:
COVERAGE
 Under this coverage, we will pay bodily injury damages that you or your legal representative are legally entitled to recover from the owner or driver of an * * * [underinsured] motor vehicle. Damages must result from an accident arising out of the ownership, maintenance, or use of the * * * [underinsured] vehicle. Bodily injury means bodily injury, sickness, disease, or death.
 Relatives living in your household also have this protection.
 Anyone else is protected while occupying:
1. your auto.
 2. a motor vehicle you do not own, while it substitutes temporarily for your auto. Your auto must be out of use because of breakdown, repair, servicing, loss, or destruction
* * *
 4. any other motor vehicle while it is being operated by you or a relative living in your household. However, the vehicle must not be owned or furnished to you or a relative living in your household for regular use. (Emphasis added.) Id. at 210.
In interpreting the above language, the Court first determined that the "YOU" referred to in the policy, was ASCAA.Id. at 212. In concluding that Gordon was covered by the policy issued by Nationwide, the Court stated that:
 The stipulations establish that Foster's automobile was loaned to Gordon for use in the scope of his employment. As such, it was operated by and for ASCAA, the "YOU" referred to in the contract. Therefore, the policy language at issue places Gordon in the position of "anyone else" who is entitled to protection "* * * while occupying any other motor vehicle while it is being operated by you [ASCAA] * * *." Id. at 213.
Based upon the above interpretation of the language contained in the insurance contract issued by Nationwide, to ASCAA, the Court reversed the decision of the appellate court and reinstated the decision of the trial court. Id. at 214. In doing so, the Court held that "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. [Citations omitted.]" Id. at syllabus.
Appellees also rely upon the Decker case. In Decker, the decedent, Robert Decker, was struck and killed by an automobile while jogging. Id. at 577. Decker had been employed by Envirodyne Industries ("Envirodyne"). Envirodyne provided Decker with a company car and insurance on the car, through CNA Insurance Company ("CNA"). Id. The executrix of Decker's estate sought to make a claim against the underinsured provisions of Envirodyne's insurance policy. Id. Envirodyne refused to recognize the claim and the executrix filed a declaratory judgment action. Id.
Under the terms of the policy, issued by CNA, the following persons were insured:
D. WHO IS INSURED
1. You or any family member.
 2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of breakdown, repair, servicing, loss or destruction.
 3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured. Id. at 577-578.
Further, the policy defined "you" or "your" as "the person or organization shown as the named insured * * *." The policy defined "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household * * *."Id. at 578. The trial court determined that based upon the above language, neither the decedent nor his estate was covered by the policy issued to Envirodyne by CNA.
On appeal, the court noted that it was faced with attempting to interpret the language "relatives living in your household". The court referred to the Ohio Supreme Court's decision in King, which addressed the above phrase, and found that the language, in the business entity context, was inherently ambiguous and must be construed in such a way as to include the insured. Id. at 580. In finding the decedent covered by the policy issued by CNA, the court relied upon the case of Home Indemnity Co. v. Plymouth
(1945), 146 Ohio St. 96, paragraph two of the syllabus which held: "Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof."
"Thus, as a matter of law, [the Decker court reasoned,] in the interpretation of these provisions, courts have construed the language to include the employee under the protection of the policy." Id. at 582. The court of appeals reversed the trial court's decision and found decedent and his estate covered by the policy of insurance issued by CNA.
We find the facts of this case distinguishable from the above cases because the case sub judice does not involve the same policy language and provides coverage to some individuals. It is undisputed that the term "You", under the section defining who is an "insured", in both policies issued by Grange and OGRMP, refers to Claire Hughes Trucking, Inc. and Brush Creek Township, respectively. Second, we find the phrase "if you are an individual, any family member" unambiguous. A plain reading of this provision establishes that the provision applies only when the insured is an individual. Unlike the policies in King andDecker, a distinction is made between "you" and "an individual". Category 2 language "if you are an individual, any family member" would apply in those situations where an insurance policy is issued to an individual operating a sole proprietorship. Keider
at 3.
In the case sub judice, since the term "you" refers to the origin corporations, which are not individuals, the condition in category 2 is not satisfied because this provision does not extend coverage to family members" unless the named insured is an individual.
However, coverage is available under category 3 for those persons "occupying a covered auto" for bodily injury sustained due to an underinsured motorist. At the time of the accident, in the case sub judice, appellant was not operating a "covered auto". Clearly, the language contained in the policies, at issue in this case, is not such that only the corporation and no individuals sustaining bodily injury are entitled to coverage.
Because appellees do not fit any of the categories of "insured" under the policies issued by Grange and OGRMP, they are not to be included in coverage for injuries sustained due to an underinsured motorist.
Appellants' assignment of error is sustained. We will not address appellants' second assignment of error as it is moot based upon our disposition of appellants' first assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed.
By: Wise, J., Reader, P. J., concur.
Gwin, J., dissents.