Douglas LUNDGREN, Appellant,

v.

VIGILANT INSURANCE
COMPANY, Respondent.

No. C6–86–677.

Court of Appeals of Minnesota.

Aug. 12, 1986.

David K. Cody, Daniel T. Cody Law Offices, St. Paul, for appellant.

Leo G. Stern, Patrick E. Sullivan, Fredrikson & Byron, P.A., Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from summary judgment entered for respondent Vigilant Insurance in a declaratory judgment action brought to determine whether appellant Douglas Lundgren had underinsured motorists coverage under a policy issued by Vigilant to the family business, Lundgren Excavating. We affirm.

## FACTS

Appellant Douglas Lundgren was injured by an object thrown up by a passing car while he was working near a road on a project for the family business, Lundgren Excavating. Lundgren settled with the owner of the passing car for the limits of his policy.

Lundgren Excavating had a comprehensive business automobile policy with respondent Vigilant Insurance covering six vehicles. The sole named insured on the policy was Lundgren Excavating.

The Lundgrens purchased the insurance policy through an agent, Alexander & Alexander. They claim the agent assured them that through various endorsements the Lundgrens would be personally covered under the policy. The Lundgrens used the business-owned vehicles for personal use, and owned no other vehicles.

Appellant's name, along with those of other family members, was listed on a personal injury protection endorsement added to the policy. A "drive other car" endorsement was also written, naming the same individuals. This endorsement states that it "changes only those coverages listed below for which a charge is shown below." A premium charge is shown beneath a listing for "Liability" and "PIP"; there are listings also, without premium charges, for "Uninsured Motorists," "Comp[rehensive]" and "Coll[ision]." There is no listing or premium charge shown for underinsured motorists coverage.

The policy included an endorsement for Underinsured Motorists coverage. On this endorsement, there is no named insured nor any named individual. The endorsement states as follows:

We will pay all sums the *insured* is legally entitled to recover as damages from the owner or driver of an *underinsured motor vehicle*. The damages must result from *bodily injury* sustained by the *insured* * * * *. (emphasis in original).

The term "insured" is defined in the endorsement as follows:

1. *You* or any *family member.*
2. Anyone else *occupying* a covered *auto* * * * *. (emphasis in original).

The term "you" is defined in the policy as the named insured.

Vigilant denied coverage, on the grounds that appellant was not a named insured covered by the underinsured motorists endorsement. Appellant brought this declaratory judgment action to determine coverage under the policy.

The trial court, on respondent's motion for summary judgment, determined that the policy was not ambiguous. The court ruled that since appellant was not a named insured under the policy, and was not a named individual in the underinsured motorists endorsement, or extended that form of coverage by the "drive other car" endorsement in which he was named, he was not covered. The court declined to impose coverage based on reformation of the policy or "reverse pierce of the corporate veil."

## ISSUE

Did the trial court err in granting summary judgment for the insurer?

## ANALYSIS

Appellant contends the policy is ambiguous as to whether underinsured motorists coverage [hereafter, UIM] extended to Douglas Lundgren as an individual. Appellant relies primarily on two endorsements added to the policy, endorsements # 4 (UIM) and # 8 ("drive other car").

■ Endorsement # 4 includes no provision naming an "insured" entitled to the UIM coverage. Appellant contends this silence creates an ambiguity as to who is covered. The endorsement, however, specifies "who is insured": *"You or any family member."* The term "you" is defined in the main body of the policy as

the person or organization shown as the named insured in ITEM ONE of the declarations.

This was Lundgren Excavating.

■ Endorsement # 8 includes no entry or premium charge for underinsured motorists coverage. Although appellant is listed as an individual entitled to the other coverages provided in the "drive other car" endorsement, this endorsement does not transform the business policy generally into a personal policy covering the Lundgrens individually for every risk.

■ Appellant also argues that UIM coverage for a business is itself ambiguous, since a business cannot sustain the "bodily injury" it covers, nor have "family members" included within the definition of "insured." This argument was answered in *Kaysen v. Federal Insurance Co.,* 268 N.W.2d 920, 923–24 (Minn.1978), where the court stated:

The [*Polzin v. Phoenix of Hartford Ins. Companies,* 5 Ill. App. 3d 84, 283 N.E.2d 324 (1972)] case does little to clear up the ambiguity caused when a corporation is listed as the named insured in an uninsured motorist provision designed to protect family members from bodily injury. Of course the corporation cannot sustain bodily injury, but this does not make the entire provision a nullity because in both *Polzin* and the present case the uninsured motorist coverage protects "any other person while occupying an insured highway vehicle."

Although the policy is admittedly confusing with respect to the coverage afforded the corporation as a named insured under the uninsured motorist coverage, *there is no ambiguity that the class of persons protected as named insureds did not include corporate officers or their spouses.* In other words, any ambiguities that do exist in the policy have no bearing on the status of the [decedents]. We therefore will not attempt to rewrite the policy to include the decedents within the class of persons protected when they have been excluded by the plain and ordinary language of the uninsured motorist coverage provision. (cite omitted) (emphasis added).

*See also Rademacher v. Insurance Co. of North America,* 330 N.W.2d 858, 861–62 (Minn.1983) (declining to reform uninsured motorists provision in policy of religious order to include individual members as named insureds).

Underinsured motorists coverage is not a nullity when issued to a corporation or other business entity. As was true in *Kaysen,* appellant would have been covered had he been injured while occupying an insured vehicle, rather than as a pedestrian. *See Kaysen,* 268 N.W.2d at 922 (plaintiff's decedents had abandoned company car shortly before the accident).

■ The purchase of the "drive other car" endorsement does not distinguish this case from *Kaysen.* The "drive other car" endorsement includes no language referring to UIM coverage. A specific intent to cover individuals for certain specified risks does not indicate a broader intent to extend individual coverage for other, unnamed risks.

■ The courts will resolve doubts about the coverage intended in a policy against an insurer. *Maher v. All Nation Insurance Co.,* 340 N.W.2d 675, 679 (Minn. Ct.App.1983). Where the language of the policy is unambiguous, however, the court will not construe the policy so as to find coverage, but will give effect to the plain meaning of the language. *Firemen's Insurance Co. of Newark, N.J. v. Viktora,* 318 N.W.2d 704, 706 (Minn.1982). There is no ambiguity in the policy and endorsements as to whether individual UIM coverage was extended.

■ Appellant does not claim on appeal that the trial court should have imposed coverage by "piercing the corporate veil." Reformation of the policy was not sought in the complaint, but was raised in opposition to the motion for summary judgment and rejected by the trial court.

In *Davidson v. State Farm Mutual Auto Insurance Co.,* 373 N.W.2d 642, 647 (Minn.Ct.App.1985), this court affirmed a reformation of a "fleet policy" issued to the decedent's partnership on vehicles which served as family cars, based on evidence supporting a finding of mutual mistake. Appellant has presented evidence tending only to show unilateral mistake. He has presented no affidavit from the insurance agent. *Cf. id.* at 644 (agent testified he assumed the fleet policy provided full family coverage). The Alexander & Alexander schedule of coverages does not indicate an intent to extend UIM coverage to the Lundgrens individually. The policy itself conforms to this schedule. There is no indication that the Lundgrens paid a separate premium for personal UIM coverage. The Lundgren affidavits assert only that the agent assured them they would have "personal coverage" generally. The "drive other car" endorsement was written to carry out this intent, but did not include UIM coverage. There was no evidence of a mutual intent to extend personal UIM coverage.

## DECISION

The trial court did not err in granting summary judgment.

Affirmed.