23395

SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent v. Cynthia M. MOONEYHAM, Kenneth J. Mooneyham, Steven R. Stickles, Margie U. Brunson and Richard H. Brunson, Appellants.

(405 S.E. (2d) 396)

Supreme Court

*John E. Miles,* Sumter, *for appellants.*

*M.M. Weinberg, III,* of *Weinberg, Brown & McDougall,* Sumter, *for respondent.*

Heard Feb. 5, 1991; Decided May 6, 1991.

Rehearing Denied July 1, 1991.

HARWELL, Justice:

Respondent South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) filed this declaratory judgment action to determine the amount of underinsured motorist benefits it was obligated to pay under three policies issued to the insured, appellant Cynthia M. Mooneyham. Mooneyham claimed that she was entitled to stack the underinsured motorist coverage provided in the policies. The trial judge held that Mooneyham could not stack the underinsured coverage because the policy covering the car involved in the accident provided excess underinsured coverage. We reverse.

## DISCUSSION

At the time of the automobile accident, Mooneyham was a Class I[1] insured under three automobile insurance policies issued by Farm Bureau. The policy covering the vehicle involved in the accident provided underinsured motorist coverage in the amount of $25,000 / $50,000 / $25,000. The two other policies each provided underinsured motorist coverage in the amount of basic limits, $15,000 / $30,000 / $15,000. Farm Bureau paid Mooneyham $25,000 in underinsured motorist benefits under the policy covering the car involved in the accident. Mooneyham argues that she is entitled to stack the underinsured motorist coverage available under her other two policies. The trial judge held that Mooneyham could not stack any further underinsured motorist coverage. We disagree.

The statute controlling Mooneyham's right to stack underinsured motorist benefits provides in pertinent part:

---

[1] There are two classes of insureds under S.C. Code Ann. § 38-77-160 (1989). The first class, or Class I, applies when an insured or named insured has a vehicle involved in the accident. The second class, or Class II, applies to an insured whose vehicle was not involved in the accident.

> Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prscribed by § 38-77-150. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist. *If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.*

S.C. Code Ann. § 38-77-160 (1989) (emphasis added).

We have interpreted the emphasized language of this statute and its effect on stacking in three cases: *Gambrell v. Travelers Ins. Co.'s*, 280 S.C. 69, 310 S.E. (2d) 814 (1983); *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 311 S.E. (2d) 723 (1984); and *Nationwide Mut. Ins. Co. v. Howard*, 288 S.C. 5, 339 S.E. (2d) 501 (1985).

In *Gambrell*, the insured had one policy which provided underinsured motorist coverage for two vehicles in the basic limits of $15,000/$30,000/$5,000. We held that the insured was entitled to stack the underinsured coverage on the two vehicles. Again, in *Garris*, the policy in question had basic limits underinsured coverage. Although we held that the insureds could not stack because they were Class II insureds, was noted that if the insureds had been Class I insureds, they could have stacked. In *Nationwide*,[2] as in the previous cases, the car involved in the accident had basic limits coverage. The insured claimed that he was entitled to stack six other policies, three basic limits policies, and three single limit policies which provided coverage of $35,000, for a total recovery of $150,000. We held that the insured was entitled to stack $15,000 from each

---

[2] Although the *Nationwide* case dealt with an uninsured motorist coverage rather than underinsured coverage, in *Nationwide* we stated that the same stacking rules would apply to both types of coverage.

of the three basic limits policies, and $15,000 from each of the three $35,000 single limit policies, for a total recovery of $90,000. We did not allow the insured to stack the three single limit $35,000 policies to the extent of $35,000. In refusing to allow the insured to stack these policies up to the $35,000 limit, we held that the language of the statute "limits the amount of coverage which may be stacked from policies on vehicles not involved in an accident to an amount no greater than the coverage on the vehicle involved in the accident." 288 S.C. at 11, 339 S.E. (2d) at 504. Thus, because the policy covering the car involved in the accident had only basic limits coverage, the insured could not recover any amount greater than the basic limits from any of the other policies.

In each of these three cases, *Gambrell, Garris,* and *Nationwide,* the car involved in the accident had basic limits underinsured coverage. In this case, we are for the first time presented with the question of whether an insured with excess underinsured coverage on the car involved in the accident is entitled to stack. We now hold that when the car involved in the accident has underinsured motorist coverage in excess of the basic limits, the insured is entitled to stack underinsured motorist coverage from other policies in an amount equal to the coverage on the car involved in the accident.

The crucial sentence of the statute provides that: "If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident." In *Nationwide,* we stated that the statute "sets a cap on stacking in the amount of basic limits, and does not proscribe stacking of policies with coverage in excess of basic limits to the extent of this cap." 288 S.C. at 9, 339 S.E. (2d) at 503. The "cap" that *Nationwide* refers to comes from the language of the statute which states that the insured "is protected only to the extent of the coverage he has on the car involved in the accident." Thus, this language "limits the amount of coverage which may be stacked from policies on vehicles not involved in an accident to an amount no greater than the coverage on the vehicle involved in the accident." 288 S.C. at 11, 339 S.E. (2d) at 504. Because in *Gambrell, Garris,* and *Nationwide,* the cars involved in the acci-

dents all had basic limits underinsured coverage, they could only stack in the amount of basic limits.

However, in this case, the car involved in the accident had excess underinsured coverage. As we noted in *Nationwide*, we interpret the pertinent language of the statute as setting a cap on the amount which can be stacked; the amount of coverage which may be stacked from policies on vehicles not involved in an accident is limited to an amount no greater than the coverage on the vehicle involved in the accident.[3] We reject Farm Bureau's argument that the statute prohibits an insured from stacking when the car involved in the accident has excess underinsured coverage. Such an interpretation would be inequitable; an insured who had several cars with only basic limits underinsured coverage would be entitled to stack and could therefore recover more than an insured who purchased excess underinsured coverage.[4] Furthermore, the result we reach is consistent with the purpose of underinsured motorist coverage, which is to assure that an insured whose damages exceed the liability limits of the at fault driver recovers the full amount of his damages.

In this case, the car in which Mooneyham was driving when she was involved in the accident had underinsured motorist coverage of $25,000/$50,000/$25,000. Mooneyham's other two policies provided underinsured motorist coverage in the basic limits. Mooneyham is entitled to stack these two policies, for a total recovery of $55,000.

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[3] For example, if an insured has $25,000 in excess underinsured coverage on the car involved in the accident, and the insured has two other excess underinsured policies which provide coverage of $50,000 and $100,000, the insured can stack these two policies, but only in the amount of $25,000.

[4] For example, an insured with three cars with basic limits underinsured coverage could stack and would thereby recover $45,000, while an insured with three cars with excess underinsured coverage in the amount of $25,000, would be prohibited from stacking and would be limited to a recovery of $25,000.