2528

OHIO CASUALTY INSURANCE COMPANY, Appellant v.
Clifford and Mary HILL, Respondents.

(473 S.E. (2d) 843)

Court of Appeals

*T. David Rheney,* of *Clarkson, Fortson & Walsh,* Greenville, *for appellant.*

*J. Stephen Welch,* of *Welch & Crain,* Greenwood, *for respondents.*

Submitted June 4, 1996.

Decided July 1, 1996; Reh. Den. Aug. 22, 1996.

GOOLSBY, Judge:

Ohio Casualty Insurance Company (Ohio) brought this declaratory judgment action to determine whether Clifford and Mary Hill were entitled to additional underinsured motorist benefits for injuries Clifford Hill sustained in a motorcycle accident. The trial court granted summary judgment to the Hills and ordered Ohio to pay the disputed amount. We reverse.[1]

The accident occurred when Hill, while operating his motorcycle, was struck by a vehicle driven by Leo Owens. Owens's vehicle was covered by a liability insurance policy is-

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

sued by Superior Insurance Company. Superior assumed liability for the accident and paid the Hills the policy limit of $100,000.

The parties stipulated Hill's damages from the accident exceeded $100,000. The parties further stipulated Owens was operating an underinsured automobile as that term is defined in S.C. Code Ann. § 38-77-10(14) (1989). On the day of the accident, Hill's motorcycle was covered under a policy of liability insurance issued by Alpha Property and Casualty Insurance Company (Alpha). The parties stipulated Alpha had made Hill a valid offer of underinsured motorist coverage (UIM) at the time the policy was issued and Hill expressly rejected the offer.

The Hills also owned two automobiles insured under a policy issued by Ohio. The policy provided UIM coverage with limits of $25,000/$50,000 on each vehicle. In exchange for a partial release, Ohio paid the Hills $25,000 pursuant to the UIM provisions of the policy. Ohio then brought a declaratory judgment action to determine whether the Hills could stack an additional $25,000 in UIM coverage under the Ohio policy. In response, the Hills later filed a motion for summary judgment, which the trial court granted.

Ohio argues the trial court erred in allowing the Hills to stack their UIM coverage. S.C. Code Ann. § 38-77-160 (Supp. 1995) provides in part:

> Automobile insurance carriers shall offer . . . at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. *If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.* If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

(Emphasis added.)

The critical question in determining whether an insured has the right to stack is whether he is a Class I or Class II insured. *American Sec. Ins. Co. v. Howard*, 315 S.C. 47, 431 S.E. (2d) 604 (Ct. App. 1993). A Class I insured is an insured or named insured who has a vehicle involved in the accident. *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 405 S.E. (2d) 396 (1991). An insured is a Class II insured if none of his vehicles are involved in the accident. *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 295 S.C. 538, 370 S.E. (2d) 85 (1988). Only a Class I insured may stack. *Id.* at 545, 370 S.E. (2d) at 370.

Ohio argues that a Class I insured can stack UIM coverage only to the extent of the UIM insurance on the vehicle involved in an accident; therefore, Hill, even if he is a Class I insured, cannot stack UIM insurance from his Ohio policies because he did not carry UIM insurance on the vehicle involved in the accident. We agree.[2]

Our supreme court has held in two recent cases that a Class I insured may not stack an amount greater than the coverage on the vehicle involved in the accident. In *Nationwide Mut. Ins. Co. v. Howard*, 288 S.C. 5, 339 S.E. (2d) 501 (1985), the car involved in the accident had basic limits of UIM coverage. The insured claimed he was entitled to stack six other UIM policies covering different vehicles he owned. The supreme court held Howard was entitled to stack as a Class I insured; however, because the policy covering the car involved in the accident had only basic limits coverage, he could not recover an amount greater than the basic limits from any of the other six policies.

Similarly, in *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 405 S.E. (2d) 396 (1991), the Class I insured sought to stack the UIM coverage from two vehicles not involved in the accident. The vehicle involved in the accident had UIM coverage of $25,000/$50,000/$25,000. The two additional vehicles the insured owned each carried UIM coverage off $15,000/$30,000/$15,000. The supreme court held the

---

[2] We do not address Ohio's argument that Hill was not a Class I insured. *See Advance Int'l, Inc. v. North Carolina Nat'l Bank of S.C.*, — S.C. —, 466 S.E. (2d) 367 (1996) (wherein the supreme court vacated an opinion of the court of appeals to the extent certain issues were addressed in dicta.)

insured could recover the $25,000 from the policy covering the vehicle involved in the accident and could stack $15,000 of coverage from each of the policies on the two additional vehicles for a total recovery of $55,000. The supreme court further explained that under no circumstances could the insured have recovered more than $25,000 in UIM for each additional vehicle, stating:

> For example, if an insured has $25,000 in excess underinsured coverage on the car involved in the accident, and the insured has two other excess underinsured policies which provide coverage of $50,000 and $100,000, the insured can stack these policies, but only in the amount of $25,000.

*Id.* at 446 n. 3, 405 S.E. (2d) at 398 n. 3.

In the present case, the Hills had no UIM coverage on the vehicle involved in the accident. Thus, because S.C. Code Ann. § 38-77-160 (Supp. 1995) limits the amount of coverage an insured may stack from a policy on a vehicle not involved in an accident to an amount no greater than the excess underinsured coverage on the vehicle involved in the accident, the Hills may not stack the UIM coverage from the Ohio policy. The trial court therefore erred in finding the Hills were entitled to stack an additional $25,000.

Reversed.

CURETON and STILWELL, JJ., concur.