498 S.E.2d 865

**CONCRETE SERVICES, INC. and Ann C. Mickle, Plaintiffs,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.**

No. 24773.

Supreme Court of South Carolina.

Heard Feb. 2, 1998.

Decided March 23, 1998.

Robert J. Moran, Murrells Inlet, for plaintiffs.

Andrew F. Lindemann, of Ellis, Lawhorne, Davidson and Sims, Columbia, for defendant.

WALLER, Justice:

The following questions have been certified to this Court by the United States District Court for the District of South Carolina:

1. Is the spouse of the sole shareholder of a corporation entitled to stack UIM coverage where the corporation is the "named insured" under the policy, and where the spouse was injured while operating a vehicle owned by the corporation and insured under the UIM policy?

2. Where the South Carolina Appellate Courts have required an insured to "have" a vehicle involved in the accident in order to stack UIM coverage, is it required that the insured own the vehicle involved in the accident?

## FACTS

The plaintiff, Ann Mickle, was involved in an automobile accident while driving a vehicle owned by her husband's company, Concrete Services, Inc. (Concrete).[1] Mickle's damages exceeded the $15,000.00 policy limits of the at fault driver. At the time of the accident, the vehicle operated by Mickle was covered by an insurance policy issued by United States Fidelity and Guaranty (USF & G) to its named insured, Concrete. The policy provided $50,000.00 of underinsured motorist coverage (UIM) on several vehicles owned by Concrete. After receiving $50,000.00 in UIM coverage from USF & G under the policy insuring the vehicle which she was driving, Mickle and Concrete commenced this declaratory judgment action seeking a ruling that Mickle was entitled to stack UIM coverages on the other vehicles owned by Concrete. The District Court certified the above questions to this Court.

## I. CORPORATION AS "NAMED INSURED"

Whether the spouse of a sole shareholder of a corporation listed as the "named insured" is entitled to stack UIM benefits

---

1. Mickle was not employed by Concrete.

is a novel issue in this state; the issue turns upon whether Mickle qualifies as a Class I insured.

■ The critical question in determining whether an insured has the right to stack is whether he is a Class I or Class II insured. *American Sec. Ins. Co. v. Howard,* 315 S.C. 47, 431 S.E.2d 604 (Ct.App.1993). The two classes of insureds are: (1) the named insured, his spouse and relatives residing in his household; and (2) any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle. *Garris v. Cincinnati,* 280 S.C. 149, 311 S.E.2d 723 (1984). The right to stack is available only to a Class I insured. *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 295 S.C. 538, 370 S.E.2d 85 (1988); *Ohio Cas. Ins. Co. v. Hill,* 323 S.C. 208, 473 S.E.2d 843 (Ct.App.1996).

■ As Mickle is not the "named insured" in the policy, the question is whether she is a spouse or relative of the "named insured," i.e., the corporation, Concrete Services.[2] If not, then she does not qualify as a Class I insured and may not stack benefits. Although the issue is novel in South Carolina, it has been addressed by other courts.

The majority of courts addressing the issue hold that a corporation insured by a business automobile insurance policy cannot have a "family" as that term is used in the definition of "insured." *See Grain Dealers Mutual Ins. Co. v. McKee,* 943 S.W.2d 455 (Tex.1997) (noting majority of jurisdictions analyzing similar policy provisions have found no ambiguity notwithstanding corporation may not have a "family"); *Buckner v. Motor Vehicle Accident Indem. Corp.,* 66 N.Y.2d 211, 495 N.Y.S.2d 952, 486 N.E.2d 810 (1986) (business policy covering corporation could not reasonably be read to provide coverage to family member of officers and sole shareholders of corp); *Kaysen v. Federal Ins. Co.,* 268 N.W.2d 920 (Minn.1978)

---

2. An endorsement to the policy added Mickle's husband, Steve Mickle, as a "named insured." The District Court's order specifically states that the endorsement adding Steve Mickle as a "named insured" applies only to **liability** coverage. Although Mickle asserts an effective offer of UIM coverage was not made with regard to the endorsement, we find such matters are properly determined by the trial court. Accordingly, we do not address Mickle's status under the endorsement.

510

(policy terms listing corporation as named insured unambiguous, does not include corporate officers and their spouses); *Sproles v. Greene,* 329 N.C. 603, 407 S.E.2d 497 (1991) (policy terms listing corporation as named insured not ambiguous and does not include corporate officers and spouses); *Dixon v. Gunter,* 636 S.W.2d 437 (1982) (individual owners of corporation are not, as such, insureds under a policy issued to a corporation); *General Ins. Co. of America v. Icelandic Builders Inc.,* 24 Wash.App. 656, 604 P.2d 966 (1979) (policy unambiguously lists corporation, and no others, as named insured); *Lundgren v. Vigilant Ins. Co.,* 391 N.W.2d 542 (Minn.App. 1986) (UIM coverage not a nullity when issued to a corporation since injured party would be covered had he been injured while occupying an insured vehicle); *Meche v. Thibodeaux,* 550 So.2d 346 (La.App. 3 Cir.1989) (where corporation is the only named insured, UM coverage applies only to persons while occupying a covered vehicle); *Ott v. Firemen's Fund Ins. Co.,* 936 S.W.2d 165 (Mo.App.1996) (president and sole shareholder of close corp. not "named insured" of policy issued to corp.). *See also American States Ins. Co. v. C & G Contracting, Inc.,* 186 Ariz. 421, 924 P.2d 111 (App.1996); *Cutter v. Maine Bonding and Cas.,* 133 N.H. 569, 579 A.2d 804 (1990); *Hogan v. Mayor & Aldermen of Savannah,* 171 Ga.App. 671, 320 S.E.2d 555 (1984); *Busby v. Simmons,* 103 N.C.App. 592, 406 S.E.2d 628 (1990); *Meyer v. Amer. Economy Ins. Co.,* 103 Or.App. 160, 796 P.2d 1223 (1990); *Sears v. Wilson,* 10 Kan.App.2d 494, 704 P.2d 389 (1985); *Jacobs v. USF & G,* 417 Mass. 75, 627 N.E.2d 463 (1994). These courts are unpersuaded by claims that since a corporation is incapable of suffering personal injuries or having family members, a policy using "family member" terminology is ambiguous such that coverage should be afforded; on the contrary, these courts find the policy effectual since it provides coverage to Class II insureds, i.e., persons using a vehicle which is covered under the terms of a policy. *Sproles v. Greene, supra* (fact that corporation is the only class I insured doesn't render UIM coverage a nullity since individuals are covered as class II insureds); *Buckner v. Motor Vehicle Accident Indem. Corp., supra* (policy not meaningless since it provides coverage to persons occupying autos owned by corporation or being operated on behalf of corporation); *Lundgren v. Vigilant Ins.*

*Co., supra* (ambiguity in use of "family member" language did not render UIM coverage a nullity where individuals were covered while occupying a covered vehicle).

A minority of jurisdictions, however, hold that, since a business corporation cannot have relatives, a policy issued to a corporation which defines the insured to include such persons creates an ambiguity, thereby affording coverage. *See e.g., Hager v. American W. Ins. Co.*, 732 F.Supp. 1072 (D.Mont. 1989) (finding ambiguity in use of term "family member" in insurance policy issued to closely held corporation rendered it reasonable to conclude that readily identifiable officers and shareholders of corporate entity fall within purview of term); *Hawkeye–Security Ins. Co. v. Lambrecht*, 852 P.2d 1317 (Colo. Ct.App.1993) (spouse of insured corp.'s sole shareholder construed to be a "family member" for UM purposes); *King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988). Under this view, when "family member" language is used in a policy issued to a corporation, it creates an ambiguity which is to be resolved against the insurer and in favor of the insured. *Ceci v. National Indem. Co.*, 225 Conn. 165, 622 A.2d 545 (1993). *See also Hansen v. Ohio Casualty Ins. Co.*, 239 Conn. 537, 687 A.2d 1262 (1996); *Lunge v. Nat'l Casualty Co.*, 977 F.Supp. 672 (D.Vt.1997).

We decline to adopt the minority view. We agree with the majority view that a corporation, as such, cannot have a spouse or family members. Further, as noted in the District Court's certification order, the policy in question defines "insured" as "You," and "If you are an **individual**, any 'family member.'" This language clearly demonstrates that it applies to family members only of **individuals** and not to corporations such that there is no ambiguity. *Accord Kitts v. Utica Nat'l Ins. Group*, 106 Ohio App.3d 692, 667 N.E.2d 30 (1995) (no ambiguity where policy distinguished between corporation and an "individual"). Moreover, it is clear that Steve Mickle was aware the policy did not cover either himself, his spouse or his family, as he purchased separate coverage under an endorsement adding "Broadened Coverage for Named Individuals." *See American States Ins. Co. v. C & G Contracting, Inc., supra* (insured corporation's president had no reasonable expectation he was family member of corporation). Had the policy covered family members, there would have been no

need for this endorsement adding Steve Mickle as a named insured.[3]  Accordingly, we follow the majority view and hold that Mickle was not a spouse or family member of the named insured, Concrete Services.  It follows that if she is not the spouse of a named insured, then she is not a Class I insured and may not stack coverage under the policy issued to Concrete.

## II.  OWNERSHIP OF VEHICLE

In light of our holding that Mickle is not a Class I insured, she may not stack UIM coverage in this case, and the answer to the second certified question is purely academic. However, since we accepted certification on this issue, we address the matter to clarify apparent confusion concerning whether, in order to stack UIM coverage, an insured must own the vehicle involved in the accident?  We hold that, so long as an individual otherwise qualifies as a Class I insured, he or she need not "own" the vehicle in order to stack.

The statute controlling the right to stack UIM benefits is S.C.Code Ann. § 38–77–160 (Supp.1997) which provides, in pertinent part:

If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the **insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.** If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

(Emphasis supplied).  Cases of this Court and the Court of Appeals have interpreted this statute to mean that a Class I insured is an insured or named insured who "has" a vehicle involved in the accident.  *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham,* 304 S.C. 442, 405 S.E.2d 396 (1991); *Ohio Casualty Insurance Co. v. Hill,* 323 S.C. 208, 473 S.E.2d 843 (Ct.App.1996); *American Security Ins. Co. v. Howard,* 315 S.C. 47, 431 S.E.2d 604 (Ct.App.1993).  An insured is a

---

**3.** As noted previously, the district court ruled the endorsement applies only to **liability** coverage, and that issue is not before this Court.

Class II insured if none of his vehicles are involved in the accident. *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 295 S.C. 538, 370 S.E.2d 85 (1988).

The question is whether, in order to **"have"** a vehicle involved in the accident, it must be **owned** by the insured. We find that it need not. We hold that, in order to "have" a vehicle involved in the accident, it is necessary only that the insured qualify as a Class I insured. We have repeatedly defined a Class I insured as "the named insured, his spouse and relatives residing in his household." *Davidson v. Eastern Fire and Cas. Ins. Co.,* 245 S.C. 472, 141 S.E.2d 135 (1965); *Garris v. Cincinnati, supra; Fireman's Ins. Co. v. State Farm, supra.* Under that definition, it is patent that one may be the spouse or relative of a named insured and reside in the same household without owning the vehicle. We have never required "ownership" as a prerequisite to stacking;[4] on the contrary, we have consistently held the determinative factor is Class I status. *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham,* 304 S.C. 442, 405 S.E.2d 396 (1991); *Nationwide Mut. Ins. Co. v. Howard,* 288 S.C. 5, 339 S.E.2d 501 (1985); *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co., supra.* Accordingly, we hold that prior cases requiring a person to "have" a vehicle involved in the accident as a prerequisite to stacking mean only that a person must be a Class I insured with respect to a vehicle involved in the accident, i.e., they must be either the named insured, or the spouse or relative living in the same household with the named insured.[5]

## CONCLUSION

1. Mickle is neither the named insured, nor the spouse or relative of the corporation, Concrete Services, and therefore does not qualify as a Class I insured with respect to the first certified question. Accordingly, she may not stack UIM cov-

---

**4.** To the extent the Court of Appeals' opinions in *National General Ins. Co. v. Pena,* 308 S.C. 521, 419 S.E.2d 375, (Ct.App.1992) and *American Security Ins. Co. v. Howard, supra,* suggest that ownership is required, they are overruled.

**5.** Further, this Court recently held that an insured may contract for coverage which permits stacking, even though his vehicle is not involved in an accident. *Putnam v. S.C. Farm Bureau,* 323 S.C. 494, 476 S.E.2d 902 (1996).

erage under the policy issued to Concrete Services. The answer to the first certified question is "No."

2. Ownership of a vehicle is not required as a prerequisite to stacking of UIM benefits, so long as the individual qualifies as a Class I insured, i.e., is the spouse or relative of the "named insured." Since Mickle is neither the spouse nor relative of the named insured (i.e., Concrete) in this case, she is not entitled to stack.[6] The answer to the second certified question is "No."

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

---

**6.** The situation would be different had the "named insured" been Mickle's husband. In that case, Mickle would be a Class I insured by virtue of her status as the spouse of the "named insured." *Accord American Fire and Casualty Co. v. Sinz*, 487 So.2d 340 (Fla.App. 4 Dist.1986) (where policy designated executive officers of corporation as named insureds, appellant was "insured" not by virtue of being a "relative of a named insured corporation," but by being a relative resident of the same household as a named insured, i.e., the executive officer).