700 S.E.2d 283

**Meagan Y. NAKATSU, Appellant,**

v.

**ENCOMPASS INDEMNITY COMPANY, Respondent.**

**No. 4748.**

Court of Appeals of South Carolina.

Heard May 19, 2010.
Decided Sept. 29, 2010.
Rehearing Denied Oct. 29, 2010.

174

---

John Robert Peace, of Greenville, for Appellant.

Robert D. Moseley, Jr. and C. Fredric Marcinak, of Greenville, for Respondent.

KONDUROS, J.

Meagan Nakatsu had an automobile accident while she resided with her sister, Kellie Buckner. Nakatsu brought a declaratory judgment action against Encompass Indemnity

Company seeking to stack underinsured (UIM) coverage from her sister's Encompass insurance policy with her own UIM coverage from a different insurer. The trial court granted summary judgment to Encompass finding the policy excluded UIM coverage for resident relatives not operating covered vehicles. Nakatsu appeals. We reverse.

## FACTS/PROCEDURAL HISTORY

On December 16, 2007, Zunita Mattison ran a stop sign while driving and struck Nakatsu's vehicle. Mattison fled the scene in another vehicle and was apprehended at the emergency room. As a result of the collision, Nakatsu's car was totaled, and she required surgery to repair a broken wrist and ankle.

Mattison's insurance company paid Nakatsu $25,000, the limit on Mattison's policy. Nakatsu also collected $25,000 in UIM coverage from the insurance policy she maintained on her vehicle, which she was driving during the accident. At the time of the accident, Nakatsu resided with Kellie and Kellie's husband, Adam Buckner (collectively the Buckners). The Buckners insured three vehicles under a policy with Encompass; each vehicle had UIM limits of $50,000 per person and $100,000 per accident. Their policy provided:

In consideration of an additional premium, if the Coverage Summary shows an amount of "Underinsured Motorists" coverage, we will provide the coverage described by the provisions of this endorsement.

**DEFINITIONS**

The following words and phrases are defined for this "**UNDERINSURED MOTORISTS COVERAGE**" endorsement. Only in regard to the coverage provided by this endorsement, the following definitions replace any corresponding definitions in the "**MOTOR VEHICLE**" Segment.

1. **Covered Person** means:

 a. You for the ownership, maintenance or use of any vehicle, except while *occupying,* or when struck by, a vehicle owned by you which is not insured for by this coverage under this policy;

 b. Any *family member*:

(1) Who does not own an *automobile,* for the maintenance or use of any vehicle;

(2) Who owns an *automobile,* but only for the use of an *insured motor vehicle;*

Except while *occupying,* or when struck by, a vehicle owned by you or that person which is not insured for this coverage under this policy;

c. Any other person *occupying* an *insured motor vehicle* with your consent, except when struck by a vehicle owned by you or that person which is not insured for this coverage under this policy;

. . . .

2. **Insured Motor Vehicle** means:

a. An *automobile,* motorcycle or motorhome shown in the Coverage Summary if the Coverage Summary indicates "Underinsured Motorists" coverage for that vehicle. This includes an *automobile,* motorcycle or motorhome that replaces one shown in the Coverage Summary, if you ask us to insure the *automobile,* motorcycle or motorhome, and we agree.

b. Additional *automobiles,* motorcycles or motorhomes for 30 days after you become the owner, provided all the other automobiles, motorcycles and motorhomes owned by you are either covered by us or excluded by endorsement.

For coverage beyond the 30 days, you must ask us to insure the *automobile,* motorcycle or motorhome, and we must agree.

c. An *automobile,* motorcycle, motorhome or trailer not owned by you or a *family member* if being temporarily used while an *automobile,* motorcycle or motorhome shown in the Coverage Summary is out of its normal use because of its breakdown, repair, servicing, loss or destruction. It must not be available or furnished for the regular use of you or any *family member.*

d. An *automobile,* motorcycle, motorhome or trailer not owned by you or any *family member* if being operated by you. This vehicle must not be furnished for the regular use of you or any *family member.*

. . . .

Nakatsu brought a declaratory judgment action against Encompass seeking to stack up to $74,999.99 in UIM coverage from the Buckners' policy, $25,000 for each of their three cars, to the $25,000 in UIM coverage from her own policy.[1] Nakatsu stipulated the policy does not allow her UIM coverage because she was operating a vehicle not insured under the policy but argued that provision was invalid. Encompass moved for summary judgment, asserting the policy did not allow UIM coverage for resident relatives not driving covered vehicles and South Carolina case law allowed such a provision. Nakatsu also moved for summary judgment, arguing because she is a Class I insured, she was entitled to stack UIM coverage and the policy's language to the contrary violates South Carolina statutory law. The trial court granted Encompass's motion, relying on *Burgess v. Nationwide Mutual Insurance Co.*, 373 S.C. 37, 644 S.E.2d 40 (2007). This appeal followed.

## STANDARD OF REVIEW

The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder. *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).

---

1. Although the Buckners' UIM limits were $50,000 per car, Nakatsu acknowledged she would only be permitted to stack $25,000 per car because that is the amount she carried on her vehicle. *See S.C. Farm Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 446, 405 S.E.2d 396, 398 (1991) ("[T]he amount of coverage which may be stacked from policies on vehicles not involved in an accident is limited to an amount no greater than the coverage on the vehicle involved in the accident.").

## LAW/ANALYSIS

Nakatsu argues the trial court erred in granting Encompass summary judgment because the policy excluded stacking of UIM coverage for resident relatives not driving covered vehicles. She contends that exclusion is invalid because it is inconsistent with statutory provisions and *Burgess v. Nationwide Mutual Insurance Co.*, 373 S.C. 37, 644 S.E.2d 40 (2007), is inapplicable to this case. We agree.

■ "Stacking refers to an insured's recovery of damages under more than one insurance policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted." *State Farm Mut. Auto. Ins. Co. v. Moorer*, 330 S.C. 46, 60, 496 S.E.2d 875, 883 (Ct.App.1998). "The critical question in determining whether an insured has the right to stack is whether he is a Class I or Class II insured." *Ohio Cas. Ins. Co. v. Hill*, 323 S.C. 208, 211, 473 S.E.2d 843, 845 (Ct.App.1996). "The two classes of insureds are: (1) the named insured, his spouse and relatives residing in his household; and (2) any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle." *Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 509, 498 S.E.2d 865, 866 (1998); *see also Hill*, 323 S.C. at 211, 473 S.E.2d at 845 (citation omitted) ("A Class I insured is an insured or named insured who has a vehicle involved in the accident. An insured is a Class II insured if none of his vehicles are involved in the accident."). Only a Class I insured may stack. *Hill*, 323 S.C. at 211, 473 S.E.2d at 845.

■ "Statutory provisions relating to an insurance contract are part of the contract as a matter of law. To the extent a policy provision conflicts with an applicable statutory provision, the statute prevails." *State Farm Mut. Auto. Ins. Co. v. Calcutt*, 340 S.C. 231, 234, 530 S.E.2d 896, 897 (Ct.App. 2000) (citation omitted). "Generally, stacking of additional coverage for which the insured has contracted is permitted unless limited by statute or a valid policy provision." *Ruppe v. Auto-Owners Ins. Co.*, 329 S.C. 402, 404, 496 S.E.2d 631, 631–32 (1998). "[S]tacking may be prohibited by contract if such a prohibition is consistent with statutory insurance requirements." *Id.* at 406, 496 S.E.2d at 633. "[UIM] coverage

is controlled by and subject to our [UIM] act, and any insurance policy provisions inconsistent therewith are void, and the relevant statutory provisions prevail as if embodied in the policy." *Kay v. State Farm Mut. Auto. Ins. Co.,* 349 S.C. 446, 450, 562 S.E.2d 676, 678 (Ct.App.2002).

"Statutorily required coverage is that which is required to be offered or provided." *Ruppe,* 329 S.C. at 404–05, 496 S.E.2d at 632. "[A]n insurer must offer UIM coverage pursuant to [section] 38–77–160 when the insurer extends statutorily required liability coverage." *Howell v. U.S. Fid. & Guar. Ins. Co.,* 370 S.C. 505, 510, 636 S.E.2d 626, 629 (2006). Stacking of UIM coverage, which is a statutorily required coverage, is governed specifically by statute. *Ruppe,* 329 S.C. at 405, 496 S.E.2d at 632 (citing S.C.Code Ann. § 38–77–160 (2002)). "Construing specific statutory language [found in section 38–77–160], we have held an insured is entitled to stack [UIM] ... coverage in an amount no greater than the amount of coverage on the vehicle involved in the accident." Id. (footnote omitted). "To this extent, stacking cannot be contractually prohibited." *Id.*

"South Carolina courts have interpreted [section 38–77–160] to allow Class I insureds to stack UIM coverage from multiple automobile insurance policies." *Kay,* 349 S.C. at 449, 562 S.E.2d at 678. Section 38–77–160 (emphasis added) provides:

Automobile insurance carriers ... shall ... offer, at the option of the insured, [UIM] coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. *If, however, an insured or named insured is protected by ... [UIM] coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident.* If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

In *Kay,* 349 S.C. at 449–50, 562 S.E.2d at 678, this court determined a provision in a policy that only allowed stacking

equal to the amount of the minimum limits, regardless of the amount of UIM coverage on the vehicle in the accident, violated section 38–77–160. The court found a "provision limiting stacking of UIM coverage to the minimum limits is invalid because it purports to limit the amount of coverage to an amount less than that available on the involved vehicle's policy." *Kay*, 349 S.C. at 449, 562 S.E.2d at 678.

In *Jackson v. State Farm Mutual Automobile Insurance Co.*, 288 S.C. 335, 337, 342 S.E.2d 603, 604 (1986), the court held, "A policy provision which purports to limit stacking of statutorily-required coverage is invalid." *But see Ruppe*, 329 S.C. at 405, 496 S.E.2d at 632 (finding the rule that stacking of statutorily required coverage cannot be contractually prohibited is an oversimplification of our stacking law and declining to apply it to the stacking of liability coverage).

Both the trial court and Encompass relied on *Burgess* in support of finding the policy does not violate statutory law. In *Burgess*, 373 S.C. at 39, 644 S.E.2d at 41, the insured did not have UIM coverage on the vehicle in the accident but had it on another vehicle he owned. The insurance policy for the vehicle in the accident did not allow UIM coverage when the insurance was driving another vehicle he owned but that did not have UIM coverage. *Id.* The *Burgess* court noted the " '[i]f, however' sentence in [section] 38–77–160, relied upon by Nationwide here, does not literally apply to these facts since Burgess is not attempting to stack excess UIM coverage from his Nationwide policy." *Burgess*, 373 S.C. at 41, 644 S.E.2d at 42. The court further observed because "Burgess seeks recovery under only one policy, technically he is not seeking to stack coverage." *Id.* at 41 n. 1, 644 S.E.2d at 42 n. 1. The supreme court posited:

[T]his statutory language does provide support for Nationwide's contention that its policy provision does not violate public policy. The "[i]f, however" sentence in [section] 38–77–160 evinces the legislature's intent, in a stacking situation, to bind the insured to the amount of UIM coverage he chose to purchase in the policy covering the vehicle involved in the accident. Thus, the statute itself contains a limit on the "portability" of UIM coverage.

*Burgess,* 373 S.C. at 41, 644 S.E.2d at 42–43. The court held public policy is not offended by an automobile insurance policy provision that limits the portability of basic UIM coverage when the insured has a vehicle involved in the accident. *Id.* at 42, 644 S.E.2d at 43.

 Because Nakatsu was living with her sister at the time of the accident, she is a resident relative. Therefore, Nakatsu is a Class I insured under her sister's policy. The issue in this case is whether Nakatsu can stack the Buckners' UIM coverage. *Burgess,* as the opinion notes, did not involve stacking; it involved portability. These are two distinct concepts. Stacking is only allowed if the insured has the specific type of coverage on the vehicle involved in the accident. On the other hand, portability refers to a person's ability to use his coverage on a vehicle not involved in an accident as a basis for recovery of damages sustained in the accident.

The *Burgess* court found disallowing Burgess UIM coverage did not offend public policy because he had declined UIM coverage. That is not the case here. Nakatsu has UIM coverage on the car in the accident through a policy she obtained on that car. She is simply seeking to stack coverage from the Buckners' policy, under which she is a Class I insured. The policy provision conflicts with section 38–77–160 because it does not allow a Class I insured to stack UIM coverage up to the limits of the vehicle in the accident in certain situations, such as the one here. Accordingly, that provision of the policy is void, and the trial court erred in granting Encompass summary judgment.[2] Therefore, the trial court's grant of summary judgment to Encompass is

**REVERSED.**

GEATHERS and LOCKEMY, JJ., concur.

---

**2.** Nakatsu argues Encompass should be estopped from denying she is an insured under the policy because Encompass cited her driving record including this accident as a reason for non-renewal. Because our determination of the prior issue is dispositive, we need not address this issue. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).