THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas M. Carter, Debra Carter, and Christopher Michael Carter, Appellants,
 v.
 The Standard Fire Insurance Company and Frank L. Siau Agency, Inc., Respondents.
 
 
 

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No.   2011-UP-175
Submitted December 1, 2010  Filed April 18, 2011

REVERSED AND REMANDED

 
 
 
 William P. Hatfield, of Florence, for Appellants.
 William P. Davis, of Columbia, for Respondent Standard Fire Insurance Company.
 Wesley D. Peel, of Columbia, for Respondent Frank L. Siau Agency, Inc.
 
 
 

PER CURIAM:  Michael Carter had an automobile accident while residing with his parents, Thomas and Debra Carter
(collectively Parents).  Michael, Thomas, and Debra (collectively the Carters) brought an action against the Standard Fire Insurance Company seeking to
stack underinsured motorist (UIM) coverage from Parents' Standard Fire insurance policy with Michael's UIM coverage from a different insurer.  The trial
court granted summary judgment to Standard Fire, finding the policy excluded UIM coverage for resident relatives not operating covered vehicles.  The
Carters appeal arguing the exclusion relied upon by the trial court is invalid because it is inconsistent with section 38-77-160 of the South Carolina Code
(2002).  We reverse and remand[1] pursuant to Rule 220(b)(1), SCACR, and the following
authorities:
1. As to whether the trial court erred in allowing the exclusion despite the Carters' contention it is inconsistent with statutory portions: Nakatsu v.
Encompass Indemnity Co., 390 S.C. 172, 178, 700 S.E.2d 283, 287 (Ct. App. 2010)  ("Statutory provisions relating to an insurance contract
are part of the contract as a matter of law.  To the extent a policy provision conflicts with an applicable statutory provision, the statute
prevails.") (citation omitted); Id. at 181, 700 S.E.2d at 288 ("The policy provision [excluding the stacking of UIM coverage for resident
relatives not driving covered vehicles] conflicts with section 38-77-160 because it does not allow a Class I insured to stack UIM coverage up to the limits of
the vehicle in the accident in certain situations, such as the one here.  Accordingly, that provision of the policy is void . . . ."). 
2. As to the Carters' remaining issues: Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an
appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal). 
REVERSED AND REMANDED.
HUFF, KONDUROS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.