**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Juan Michael Ramirez, Appellant,

v.

Progressive Northern Insurance Company, Respondent.

Appellate Case No. 2015-000788

---

Appeal From Laurens County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-280
Submitted March 1, 2016 – Filed June 8, 2016

---

**AFFIRMED**

---

Edwin L. Turnage, of Harris & Graves, PA, of
Greenville, for Appellant.

Bradley Lewis Lanford, of Baker Ravenel & Bender,
LLP, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State Farm Mut. Auto Ins. Co. v. Moorer*, 330 S.C. 46, 60, 496 S.E.2d
875, 883 (Ct. App. 1998) ("Stacking refers to an insured's recovery of damages
under more than one insurance policy in succession until all of his damages are
satisfied or until the total limits of all policies have been exhausted."); *Nakatsu v.*

*Encompass Indem. Co.*, 390 S.C. 172, 178, 700 S.E.2d 283, 286-87 (Ct. App. 2010) ("Only a Class I insured may stack."); *id.* at 181, 700 S.E.2d at 288 ("[P]ortability refers to a person's ability to use his coverage on a vehicle not involved in an accident as a basis for recovery of damages sustained in the accident."); S.C. Code Ann. § 38-77-160 (2015) ("If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on *any one* of the vehicles with the excess or underinsured coverage." (emphasis added)); *Brown v. Cont'l Ins. Co.*, 315 S.C. 393, 395, 434 S.E.2d 270, 271-72 (1993) ("This language clearly restricts stacking by providing for coverage from 'any one' vehicle.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.