**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin L. Grant, Appellant,

v.

State Farm Mutual Automobile Insurance Company, Respondent.

Appellate Case No. 2022-000232

———————

Appeal From Marion County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-217
Submitted May 1, 2023 – Filed June 7, 2023

———————

**AFFIRMED**

———————

Rodney C. Jernigan, Jr., of Jernigan Law Firm, P.A., of Florence; and Allison Paige Sullivan, of Bluestein Thompson Sullivan LLC, of Columbia, both for Appellant.

Charles R. Norris and Mary Kathleen McTighe Mellen, both of Whelan Mellen & Norris, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Kevin L. Grant appeals the circuit court's order granting State Farm Mutual Automobile Insurance Company's (State Farm's) motion to dismiss. On appeal, Grant argues the circuit court erred in granting State Farm's motion to dismiss because (1) portability allowed him to recover underinsured motorist (UIM) benefits from a State Farm insurance policy, after having already received UIM benefits from his GEICO insurance policy, and (2) this case involved a novel issue of law. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in granting State Farm's motion to dismiss because Grant, a Class II insured party, was not permitted to stack UIM coverage. *See Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 374 S.C. 271, 277, 648 S.E.2d 295, 298 (Ct. App. 2007) ("Under Rule 12(b)(6), SCRCP, a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action."); *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court."); *Ashley River Props. I, LLC*, 374 S.C. at 278, 648 S.E.2d at 298 ("In deciding whether the trial court properly granted the motion to dismiss, [the appellate] court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Giles v. Whitaker*, 297 S.C. 267, 268, 376 S.E.2d 278, 279 (1989) ("Stacking is defined as the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met."); *Ohio Cas. Ins. Co. v. Hill*, 323 S.C. 208, 211, 473 S.E.2d 843, 845 (Ct. App. 1996) ("The critical question in determining whether an insured has the right to stack is whether he is a Class I or Class II insured."); *Fireman's Ins. Co. of Newark, N.J. v. State Farm Mut. Auto. Ins. Co.*, 295 S.C. 538, 544, 370 S.E.2d 85, 88 (1988) (stating a Class II insured is one "whose vehicle(s) was not involved in the accident"); S.C. Code Ann. § 38-77-160 (2015) ("If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage."); *Nakatsu v. Encompass Indem. Co.*, 390 S.C. 172, 178, 700 S.E.2d 283, 286-87 (Ct. App. 2010) ("Only a Class I insured may stack."); *Carter v. Standard Fire Ins. Co.*, 406 S.C. 609, 617 n.6, 753 S.E.2d 515, 519 n.6 (2013) (stating it "is insignificant under the typical stacking analysis" whether the insured is attempting to stack UIM coverage from separate insurers).

2. We hold the circuit court did not err in granting State Farm's motion to dismiss because it is well established that a Class II insured, such as Grant, is not entitled to stack benefits, and therefore this case does not raise a novel issue of law. *See Hill*, 323 S.C. at 211, 473 S.E.2d at 845 ("The critical question in determining

whether an insured has the right to stack is whether he is a Class I or Class II insured."); *Nakatsu*, 390 S.C. at 178, 700 S.E.2d at 286-87 ("Only a Class I insured may stack."). The fact that Grant was a pedestrian or that he attempted to stack UIM coverage from two different carriers does not affect his status as a Class II insured or alter the rule that Class II insured parties cannot stack UIM coverage. *Fireman's Ins. Co. of Newark, N.J.* , 295 S.C. at 544, 370 S.E.2d at 88 (stating a Class II insured is one "whose vehicle(s) was not involved in the accident"); *Carter*, 406 S.C. at 617 n.6, 753 S.E.2d at 519 n.6 (stating it "is insignificant under the typical stacking analysis" whether the insured is attempting to stack UIM coverage from separate insurers).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.