644 S.E.2d 40

**Robert J. BURGESS, Respondent,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Petitioner.**

**No. 26304.**

Supreme Court of South Carolina.

Heard Nov. 14, 2006.

Decided April 9, 2007.

38

Robert C. Brown and J. Austin Hood, both of Brown & Brehmer, of Columbia, for Petitioner.

Kristi Fisher Curtis, of Sumter, and Nelson Russell Parker, of Land Parker & Welch, PA, of Manning, for Respondent.

Justice PLEICONES.

We granted certiorari to consider this Court of Appeals decision finding invalid an automobile insurance policy purporting to limit the portability of underinsured motorist (UIM) coverage. *Burgess v. Nationwide Mut. Ins. Co.*, 361 S.C. 196, 603 S.E.2d 861 (Ct.App.2004). We reverse.

## FACTS

Burgess was injured in a motor vehicle accident while operating his motorcycle, which was insured by Alpha Property and Casualty Insurance Company. Burgess's damages exceeded the at-fault driver's coverage, and Burgess had no UIM coverage on the motorcycle. He did, however, own three other vehicles insured by Nationwide, each of which had $25,000 in UIM coverage.

Nationwide declined Burgess' UIM claim, relying on this policy provision:

3. If a vehicle **owned by you or a relative** is involved in an accident where you or a relative sustains bodily injury or property damage, this policy shall:

 a) be primary if the involved vehicle is your auto described on this policy; or

 b) be **excess** if the involved vehicle **is not your auto described on this policy.** The amount of coverage applicable under this policy **shall be the lesser of the coverage limits under this policy or the coverage limits on the vehicle involved in the accident.**

(Emphasis supplied).

Burgess brought this declaratory judgment action, and the circuit court held that Nationwide must pay Burgess $15,000 in UIM benefits under one of its policies insuring Burgess' "at-home" vehicles. The Court of Appeals affirmed, and we granted Nationwide's petition for a writ of certiorari.

## ISSUE

Whether the Court of Appeals was correct when it concluded Nationwide's policy provision purporting to limit the portability UIM coverage is void because it violates S.C.Code Ann. § 38–77–160 (2002)?

## ANALYSIS

The Court of Appeals first held that UIM, like uninsured motorist (UM) coverage, is "personal and portable," that is, the coverage follows the individual insured and not the insured vehicle. *See Hogan v. Home Ins. Co.*, 260 S.C. 157, 162, 194 S.E.2d 890, 892 (1973) ("unlike the provisions relative to liability coverage, the statute plainly affords uninsured motorist coverage to the named insured and resident relatives of his or her household at all times and without regard to the activity in which they were engaged at the time. Such coverage is nowhere limited by the statute to the use of the insured vehicle").

The Court of Appeals then analyzed the impact of S.C.Code Ann. § 38–77–160 on the issue of the policy provision's validity. In relevant part, this statute provides:

Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by Section 38–77–150. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. **If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic**

**limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident . . . . .**
(bold in Court of Appeals' opinion).

The Court of Appeals held the "If, however" sentence in § 38–77–160 applied only to stacking cases, found the issue here was not stacking but rather Nationwide's attempt to "exclude basic UIM coverage in a situation where the vehicle involved in the collision is owned by the insured but not specifically covered by a UIM policy," and concluded that nothing in the statute permitted an insurer to exclude basic UIM coverage under these circumstances. Furthermore, the court held that the endorsement purporting to preclude Burgess's recovery of basic UIM was void as against public policy because § 38–77–160 only permits an insurer to limit excess UIM coverage.

 We begin by noting that we agree with the Court of Appeals that, as a general proposition, UIM coverage follows the individual insured rather than the vehicle insured, that is, UIM coverage, like UM, is "personal and portable." *See Hogan v. Home Ins. Co. supra.* Further, we agree with the Court of Appeals that the "If, however" sentence in § 38–77–160, relied upon by Nationwide here, does not literally apply to these facts since Burgess is not attempting to stack excess UIM coverage from his Nationwide policy.[1] In our view, however, this statutory language does provide support for Nationwide's contention that its policy provision does not violate public policy. The "If, however" sentence in § 38–77–160 evinces the legislature's intent, in a stacking situation, to bind the insured to the amount of UIM coverage he chose to purchase in the policy covering the vehicle involved in the accident. Thus, the statute itself contains a limit on the "portability" of UIM coverage.

 Neither § 38–77–160 nor our prior decisions decide the issue presented here: Is public policy offended by an

---

1. Stacking is defined "as the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met." *Giles v. Whitaker,* 297 S.C. 267, 376 S.E.2d 278 (1989). Since Burgess seeks recovery under only one policy, technically he is not seeking to stack coverage.

automobile insurance policy provision that limits basic UIM portability when an insured is involved in an accident while in a vehicle he owns, but does not insure under the policy? We find it is not. UIM coverage is entirely voluntary, and permits insureds, at their option, to purchase insurance coverage for situations where they are injured by an at-fault driver who does not carry sufficient liability insurance to cover the insureds' damages. Essentially, the insured is buying insurance coverage for situations, as where he is a passenger in another's vehicle or is a pedestrian, where he cannot otherwise insure himself. When, however, the insured is driving his own vehicle, he has the ability to decide whether to purchase voluntary UIM coverage. Burgess chose not to do so when insuring his motorcycle.

An automobile insurance company, in setting its rates, bases those rates at least in part on the probabilities involving the insured and the vehicle(s) he is insuring. Where, as here, the vehicle is not insured by the company from whom coverage is sought, the carrier cannot accurately calculate its risks. It is one thing to insure against "unknowable" risks, such as the chance that one will be injured by an underinsured at-fault driver while a passenger in another's vehicle, or as a pedestrian; it is an entirely different calculus where a company's insured owns and operates a motor vehicle, especially a motorcycle, not insured by the carrier making its risk assessments.

We hold that public policy is not offended by an automobile insurance policy provision which limits the portability of basic "at-home" UIM coverage when the insured has a vehicle involved in the accident. *Compare State Farm Mut. Auto. Ins. Co. v. Calcutt*, 340 S.C. 231, 530 S.E.2d 896 (Ct.App.2000) (endorsement providing for set-off of workers' compensation benefits for UIM valid where UIM set-off is not, because UIM coverage is voluntary). Upholding this limit on portability encourages persons to purchase UIM insurance on all their vehicles. To hold, as did the Court of Appeals, that basic UIM is portable even in this situation permits an individual who owns multiple vehicles to purchase UIM insurance on only one vehicle, yet have basic UIM coverage on all. We find this result undesirable.

## *CONCLUSION*

The decision of the Court of Appeals requiring Nationwide to provide Burgess with $15,000 UIM benefits is

**REVERSED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.