691 S.E.2d 487

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Kelly RHODEN, Ashley Arrieta, and
Emerlynn Dickey, Respondents.**

**No. 4659.**

Court of Appeals of South Carolina.

Heard Nov. 17, 2009.
Decided March 17, 2010.
Rehearing Denied April 29, 2010.

court's decision on these issues is limited to whether the trial court erred in granting a directed verdict.

J.R. Murphy and Ashley B. Stratton, both of Columbia, for Appellant.

Dennis James Rhoad, of Moncks Corner, for Respondents.

THOMAS, J.

In this declaratory judgment action, Nationwide Mutual Insurance Company appeals the trial court's determination that the respondents, Kelly Rhoden and her daughters, Ashley Arrieta and Emerlynn Dickey, are entitled to underinsured motorist (UIM) coverage under a policy issued to Kelly insuring two "at-home" vehicles. We affirm in part and reverse in part.

## FACTS

On October 22, 2004, Kelly, Ashley, and Emerlynn (collectively Respondents) were involved in an automobile accident while in a 1998 Kia owned and driven by Ashley. Ashley insured the Kia under a policy issued by Nationwide, which provided no UIM coverage. Nationwide also insured two at-home vehicles owned by Kelly under a different policy. Kelly's policy provided UIM coverage in the amounts of $15,000 per person and $30,000 per occurrence. The parties stipulated that pursuant to the policy issued to Kelly, Respondents were resident relatives at the time of the accident.

Nationwide brought a declaratory judgment action seeking a declaration that Kelly's policy on the at-home vehicles did not provide Respondents with UIM coverage for injuries sustained in the accident. Kelly's policy contains the following relevant language:

3. If a vehicle owned by **you** or a **relative** is involved in an accident where **you** or a **relative** sustains **bodily injury** or **property damage,** this policy shall:

a) be primary if the involved vehicle is **your auto** described on this policy; or

b) be excess if the involved vehicle is not **your auto** described on this policy. The amount of coverage applicable under this policy shall be the lesser of the coverage limits under this policy or the coverage limits on the vehicle involved in the accident.

The trial court held Respondents were entitled to UIM under Kelly's policy because UIM is "personal and portable" and all three were either named insureds or resident relatives under the policy. This appeal followed.

## ISSUES ON APPEAL[1]

I. Did each Respondent "have" a vehicle involved in the accident, such that the South Carolina Supreme Court's decision in *Burgess v. Nationwide Mutual Insurance Co.,* 373 S.C. 37, 644 S.E.2d 40 (2007), controls the issues in this case?

---

1. For the ease of analysis, we address Nationwide's issues in reverse order.

II.  Does Kelly's policy on the at-home vehicles provide UIM coverage for Ashley and Emerlynn when the policy on Ashley's Kia, which was involved in the accident, provided for no UIM?

## STANDARD OF REVIEW

The standard of review in an action for declaratory judgment depends on the underlying issues, and "[w]hen . . . the underlying dispute is to determine if coverage exists under an insurance policy, the action is one at law." *Goldston v. State Farm Mut. Auto. Ins. Co.*, 358 S.C. 157, 166, 594 S.E.2d 511, 516 (Ct.App.2004). "In an action at law, tried without a jury, the appellate court will not disturb the trial court's findings of fact unless they are found to be without evidence that reasonably supports those findings." *Id.* However, " '[w]hen an appeal involves stipulated . . . facts, an appellate court is free to review whether the trial court properly applied the law to those facts.' " *In re Estate of Boynton*, 355 S.C. 299, 301, 584 S.E.2d 154, 155 (Ct.App.2003) (quoting *WDW Props. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000)).

## LAW/ANALYSIS

Nationwide argues *Burgess v. Nationwide Mutual Insurance Co.*, 373 S.C. 37, 644 S.E.2d 40 (2007), mandates finding Kelly, Ashley, and Emerlynn are not entitled to UIM because they "had" a car in the accident. We agree in part.

"[A]s a general proposition, UIM coverage follows the individual insured rather than the vehicle insured, that is, UIM coverage, like UM, is 'personal and portable.' " *Burgess*, 373 S.C. at 41, 644 S.E.2d at 42. However, "public policy is not offended by an automobile insurance policy provision which limits the portability of basic 'at-home' UIM coverage when the insured has a vehicle involved in the accident." *Id.* at 42, 644 S.E.2d at 43.

Nationwide relies on *Concrete Services, Inc. v. United States Fidelity & Guaranty Co.*, 331 S.C. 506, 498 S.E.2d 865 (1998), to argue by virtue of being a resident relative, Class I insured, each respondent had a vehicle in the accident pursu-

ant to *Burgess*. However, because *Burgess* makes clear that an individual has a vehicle in the accident when he owns the vehicle, we need not draw analogies to *Concrete Services*. *See Burgess*, 373 S.C. at 41–42, 644 S.E.2d at 43 (stating the issue to be: "[Whether] public policy [is] offended by an automobile insurance policy provision that limits basic UIM portability when an insured is involved in an accident while in a vehicle he *owns*, but does not insure under the policy[ ]"). Accordingly, because neither Kelly nor Emerlynn owned the 1998 Kia, neither "had" a vehicle involved in the accident. We therefore address the issue of the portability of Ashley's UIM coverage separate and apart from the portability of Kelly's and Emerlynn's UIM coverage.

A. Portability of Ashley's UIM Coverage

■ As to Ashley, the *Burgess* court addressed the exact policy language we are confronted with in this case and held limiting the portability of UIM coverage did not offend public policy when the insured owns a vehicle in the accident. *Id.* at 42, 644 S.E.2d at 43. This decision recognized the purpose of UIM coverage is to provide insurance coverage when one cannot "otherwise insure himself." *Id.* "[H]owever, [when] the insured is driving his own vehicle, he has the ability to decide whether to purchase voluntary UIM coverage." *Id.* Thus, at no time is an individual more capable of protecting himself than when he owns the involved vehicle.

In this case, because Ashley owned the involved vehicle, *Burgess* coupled with the recognized purpose of UIM coverage suggests that applying the policy exclusion to limit the portability of her UIM coverage does not offend public policy. Accordingly, the trial court erred in finding Ashley entitled to such coverage.

B. The Portability of Kelly's and Emerlynn's UIM Coverage

■■ As to Kelly and Emerlynn, our supreme court has made clear that although voluntary, UIM is personal and portable, traveling with the individual and not the vehicle. *Id.* With UIM coverage, the insured is "[e]ssentially[ ] . . . buying insurance coverage for situations, as where he is a passenger in another's vehicle or . . . where he cannot otherwise insure

himself." *Id.* In this case, we cannot accept Nationwide's argument that a party, such as Kelly or Emerlynn, has any more control or influence over the insurance coverage purchased on a relative's automobile, such as Ashley's, than that of any other individual with whom that person may travel. Here, Kelly purchased UIM coverage for herself and Emerlynn for the precise circumstances in which she could not have otherwise insured herself or Emerlynn, such as when passengers in another's vehicle. This coverage was personal and portable, and we find no support for the proposition that an insurer may limit the portability of that UIM coverage when the auto involved in the accident is owned by a relative. *See Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 319 S.C. 12, 19, 459 S.E.2d 318, 321 (Ct.App.1994) (indicating that policy exclusions will not be interpreted to exclude the very risk the parties contemplated). To interpret the exclusion in Kelly's policy to deny UIM coverage to her and Emerlynn when passengers in a vehicle owned and insured by a relative unduly limits the portability of the UIM coverage and likewise offends public policy. Accordingly, we find the evidence supports the trial court's ruling that Kelly and Emerlynn are entitled to UIM coverage.

## CONCLUSION

The trial court did not err in finding Kelly and Emerlynn entitled to UIM coverage; however, because public policy is not offended by the application of the exclusion to Ashley, the owner of the involved vehicle, the trial court erred in finding her entitled to UIM. Therefore, the ruling of the trial court is

**AFFIRMED IN PART AND REVERSED IN PART.**

HEARN, C.J., and KONDUROS J., concur.