# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2024

Lyle W. Cayce
Clerk

No. 24-30014

Shannon Carson,

*Plaintiff—Appellant*,

*versus*

USAA Casualty Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1

_____

Before King, Stewart, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

This appeal concerns one principal issue: whether South Carolina's prohibition on stacking underinsured motorist ("UIM") coverage for Class II insureds bars appellant Shannon Carson from recovering UIM benefits under his personal automobile insurance policy. Concluding that South Carolina law does not prevent such recovery, we VACATE and REMAND.

I.

This case arises out of a 2021 automobile accident in Bienville Parish, Louisiana, in which Shannon Carson was injured. The following facts are

undisputed. Carson was driving an 18-wheeler truck owned by his employer Senn Freight Lines, Inc. when another vehicle collided with the rear of Carson's truck. The accident was caused by the negligence of the other driver, Jamarcea Washington, who died as a result of the collision.

GEICO Casualty Insurance Company provided liability coverage on Washington's vehicle.[1] American Millenium Insurance Company insured the Senn Freight 18-wheeler driven by Carson and provided $75,000 in UIM coverage.[2] In addition, Carson had a personal automobile insurance policy issued by USAA Casualty Insurance Company that covered Carson's personal vehicle, which was not involved in the accident, and provided $50,000 in UIM coverage.

Carson filed suit in Louisiana state court against GEICO, American Millenium, and USAA; the defendants then removed the case to federal court based on diversity jurisdiction.[3] Carson settled with both GEICO and American Millenium for their policy limits. The parties agree that South Carolina law governs this dispute. USAA moved for summary judgment, arguing that Carson is a Class II insured under South Carolina law and that he is prohibited from "stacking" his personal UIM insurance on top of the

---

[1] The amount of the liability coverage does not appear in the record; however, no parties contest that Washington qualified as an underinsured motorist.

[2] Underinsured motorist coverage is a variant of uninsured motorist coverage: "The concept is that the insured purchases a set limit of UIM, guaranteeing recovery for injuries up to that amount; if the persons responsible for the victim's injuries are insured but for amounts lower than the victim's UIM limits. The victim is able to collect the difference under the UIM policy." Underinsured Motorist (UIM) Insurance, Generally, 9 Couch on Ins. § 122:3.

[3] According to the notice of removal, the parties are diverse: Carson is a citizen of South Carolina, GEICO a citizen of Nebraska, American Millenium a citizen of New Jersey, and USAA a citizen of Texas. Carson pleaded in his amended petition that the amount in controversy exceeds $75,000.

No. 24-30014

American Millenium UIM coverage. The district court agreed and granted summary judgment. Carson then filed a Rule 59(e) motion, arguing for the first time that under South Carolina law, Carson was able to "port" his personal UIM coverage and therefore he was entitled to recover UIM benefits under his personal automobile coverage, in addition to the UIM coverage provided by American Millenium. The district court entertained the new arguments, but denied relief, concluding that this case turned on stackability, not portability, and that Carson already received the statutory limit for UIM coverage under South Carolina law. Carson timely appealed the court's order granting summary judgment and the order denying his motion for reconsideration.

## II.

The court below applied South Carolina law, which the parties agree govern the dispute.[4] We review grants of summary judgment de novo. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024). Rule 56(a) provides that district courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While we typically review district court denials of Rule 59(e) motions under an abuse of discretion standard, that standard shifts to de novo review if the district court considered new materials not previously submitted to the court. *Catalyst Strategic Advisors, L.L.C. v. Three Diamond Cap. Sbc, L.L.C.*, 93

---

[4] A federal court sitting in diversity applies the choice-of-law provisions of the forum state, here, Louisiana. *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010); *see also* La. Civ. Code art. 3537 (setting forth the choice-of-law analysis for conventional obligations, such as contracts). Because Carson is a resident of South Carolina and the USAA policy was issued in South Carolina, the district court concluded that South Carolina had a more substantial interest in applying its law than Louisiana, the state where the accident occurred.

F.4th 870, 875 (5th Cir. 2024). While Carson did not provide new materials to the district court, he raised new legal arguments, which the court considered. Because the sole question before us is a legal one, whether a de novo or an abuse of discretion standard applies is immaterial. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 n.2 (2014) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." (citation omitted)).

## III.

The sole question before us is whether Carson can recover UIM benefits from his personal automobile insurance policy with USAA, in addition to the UIM benefits he received from American Millenium, which insured the 18-wheeler truck Carson was driving at the time of the accident. USAA contends that South Carolina's prohibition on "stacking" UIM coverage prevents this recovery, while Carson counters that stacking is not implicated in this case.

"Stacking is the insured's recovery of damages under more than one policy until the insured satisfies all of his damages or exhausts the limits of all available policies." *Progressive N. Ins. Co. v. Ladue*, No. 21-1680, 2023 WL 5289365, at *3 (4th Cir. Aug. 17, 2023). Whether an insured may stack UIM coverages turns on whether he is classified as either a Class I or a Class II insured:

> The two classes of insureds are: (1) the named insured, his spouse and relatives residing in his household; and (2) any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle. The right to stack is available only to a Class I.

*Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 498 S.E.2d 865, 866 (1998) (internal citations omitted). Section 38-77-160 of the South Carolina Code

provides the relevant framework when more than one policy or coverage is implicated:

> If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

S.C. Code Ann. § 38-77-160.

To summarize, Class II insureds cannot stack UIM coverage and are only entitled to the UIM benefits of the highest of the available UIM policy limits on a single vehicle. The district court concluded, and the parties both now agree, that Carson is a Class II insured.[5] Because the American Millenium UIM policy limit ($75,000) is higher than the UIM limits of Carson's USAA policy ($50,000), the district court determined that Carson is not entitled to any more than the $75,000 in UIM benefits he already received.

While that may appear to end our analysis (and comprised the entirety of the arguments on the motion for summary judgement below), Carson changed course when he filed his Rule 59 motion. Carson contended this case does not implicate stacking, but instead only involves Carson's right to "port" his personal UIM policy. The South Carolina Court of Appeals has explained that "portability refers to a person's ability to use his coverage on a vehicle not involved in an accident as a basis for recovery of damages

---

[5] Carson originally argued that there was a genuine question of material fact as to whether he was a Class I or Class II insured.

sustained in the accident." *Nakatsu v. Encompass Indem. Co.*, 700 S.E.2d 283, 288 (S.C. Ct. App. 2010). Because South Carolina law allows Carson to port his personal insurance policy, Carson contends he is entitled to UIM coverage under his USAA policy.

Portability and stacking are not mutually exclusive theories but distinct concepts that address how insurance benefits should be apportioned. While portability provides a basis for a person to recover under his personal insurance policy when none of their covered vehicles was involved in an accident, it does not necessarily follow that because a policy is portable, that insurance policy circumvents stacking rules. Portability is simply a prerequisite for an insured injured in a car accident not involving his vehicle to be able to recover under his own UIM policy. *See Ladue*, 2023 WL 5289365, at *3.

The question Carson really poses is whether stacking, and § 38-77-160 of the Code, become relevant when an insured attempts to stack multiple polices that he *holds*, but not when he attempts to recover UIM benefits as to only one vehicle under his own policy, in addition to UIM benefits received from a third-party insurer. Therefore, the question before us is whether the second phrase of the pertinent language of § 38-77-160—below—refers to any and all UIM coverage that may be available to an injured insured, including from third parties, or whether that sentence only refers to the coverages held by a specific insured.

> If none of the insured's or named insured's vehicles is involved in the accident, *coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage*.

S.C. Code Ann. § 38-77-160 (emphasis added). USAA contends this language governs all available UIM coverage, while Carson argues that it is limited to coverage held by a single insured.

No. 24-30014

Carson relies primarily upon a district court decision from the District of South Carolina to support his position. In *Wojdyla v. State Farm Mutual Automobile Insurance*, the insured, Sally Wojdyla, was a passenger in Paula Merten's vehicle when it was struck by second vehicle, the driver of which was at fault. 487 F. Supp. 3d 482, 484-85 (D.S.C. 2020). Wojdyla, like Carson, was a Class II insured. *Id.* at 487. Again, like Carson, she received the limits of the at-fault driver's liability policy as well as the policy limits of Merten's UIM coverage. *Id.* at 484. Here the facts diverge: Wojdyla also received $100,000 in UIM benefits from her own policy, which covered her personal vehicle that was not involved in the accident. *Id.* Wojdyla then sued attempting to obtain an additional $100,000 under her husband's UIM coverage. *Id.* While the question of whether Wojdyla should have received UIM benefits from her own policy was not a live issue in that case, the district court did explain that "portability is what allowed [Wojdyla] to receive the $100,000 payment from Sally's UIM coverage. But, to pay [Wojdyla] also for the UIM coverage from [her husband's] policy would be stacking," which was prohibited for Class II insureds under South Carolina law. *Id.* at 488 [6] Neither the district court nor USAA addressed the *Wojdyla* decision.

Instead, when considering Carson's Rule 59(e) motion, the district court rejected Carson's portability argument and relied upon the Fourth Circuit's unpublished decision in *Progressive Northern Ins. Co. v. Ladue* to support its conclusion that permitting Carson to recover under his USAA policy would be stackingBut the reasoning in *Progressive* is not inconsistent

---

[6] Carson also relies on two cases from the Supreme Court of South Carolina, *Burgess v. Nationwide Mut. Ins. Co.*, 644 S.E.2d 40, 42 (S.C. 2007), and *Nationwide Mut. Ins. Co. v. Rhoden*, 728 S.E.2d 477, 480 (S.C. 2012); however, each case is distinguishable. In both cases, the vehicle involved in the accident lacked UM/UIM coverage and the plaintiffs were not attempting to recover UIM benefits under more than one policy or coverage, so stacking was not implicated.

with Carson's position. In that case, the estate of the decedent, who had been driving a city-owned vehicle during the fatal accident, recovered liability limits from the at-fault driver and then attempted to recover UIM benefits from both the decedent's insurer and his mother's insurer. 2023 WL 5289365 at *1. From the court's opinion and the parties' briefing, it is unclear whether the decedent's estate recovered UIM benefits from the city. The Fourth Circuit explained that the case turned on stacking, not portability, because portability was the prerequisite theory that allowed the decedent's estate to recover at all from his personal polices. *Id.* at *3. The court determined that the estate's attempt to recover UIM benefits from both the decedent's policy and his mother's policy—beyond the UIM limit of either—was stacking and prohibited under South Carolina law. *Id.*

The Fourth Circuit in *Ladue* was not faced with a scenario that would have answered the question before us: If the decedent's estate had recovered UIM benefits from a third party, the City's insurance policy, would the decedent have been able to recover UIM benefits from his own policy? The district court in *Wojdyla* would say yes, and the South Carolina Supreme Court appears to agree.

In *Garris v. Cincinnati Insurance*, Thomas Garris died following an automobile accident in which he was the passenger of a truck hit by a drunk driver. 311 S.E.2d 723 (S.C. 1984).[7] Garris's estate recovered the liability limits of the at-fault driver's policy. *Id.* at 725. The truck in which Garris was a passenger was covered by a Cincinnati Insurance policy that insured

---

[7] The opinion involved three questions certified to the South Carolina Supreme Court, including one—not relevant here—about the definition of an underinsured motorist under South Carolina law. While that portion of the opinion was later superseded by statute, *see State Farm Mut. Auto. Ins. Co. v. Horry*, 403 S.E.2d 318, 319 (1991), it does not affect the portion of the court's analysis regarding stacking.

seventeen vehicles. *Id.* In addition, Garris had his own insurance policy with Allstate that covered four personal vehicles (none of which was involved in the accident). *Id.* The federal district court in South Carolina certified several questions to the South Carolina Supreme Court, including whether "coverage on each of the vehicles insured under each [insurer's] policy [could] be stacked." *Id.* Because Garris was a Class II insured (none of his covered vehicles was involved in the accident), the court concluded that Garris could not stack UIM coverage for the sixteen other vehicles insured under the same Cincinnati policy on top of the UIM benefits covering the involved vehicle. *Id.* at 727. The South Carolina Supreme Court then separately addressed Garris's own policy with Allstate, interpreted the identical statutory language[8] present in our case, and determined:

> The obvious intent of the legislature is to allow insureds or named insureds to take advantage of the benefit of their bargain with their insurance carrier when they are injured by an underinsured motorist and their vehicle is not involved in the accident. But, the recovery here is limited to the extent of coverage on one vehicle with the underinsured motorist coverage, as the decedents are members of the second class. *Thus, plaintiffs cannot stack the coverage of the other vehicles under the policies issued to them, but may only recover benefits on one vehicle with the coverage.*

*Id.* (emphasis added). While written somewhat obliquely, this last sentence—with its distinction between "other vehicles" and  the "one vehicle with the coverage" under "policies issued to [plaintiffs]"—would

---

[8] While the South Carolina Supreme Court was interpreting the predecessor statute, formerly codified at Section 56–9–831, the pertinent language in the 1987 version is identical to the current version: "If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage."

allow Garris's estate to recover UIM benefits under his personal insurance policy, but would limit that recovery to the UIM coverage provided to one of personal vehicles not involved in the accident.

A treatise published by the South Carolina Bar Association in 2015 reads the *Garris* opinion similarly, concluding that the South Carolina Supreme Court limited Garris to recovering the UIM policy limits covering one of his (at-home) insured vehicles, totaling $15,000, in addition to the UIM benefits received from Cincinnati Insurance that covered the involved vehicle. *See* A. Johnston Cox, *Stacking*, in The Law of Automobile Insurance in South Carolina 345 (William F. Barnes, et al., eds. 2015). That same treatise summarized what UIM benefits a Class II insured may recover:

> Class II insureds (which includes permissive users and guests) may *not* stack even basic UM and UIM policies; stated another way, if none of the insured's vehicles is involved in the accident, the insured can only collect the UM or UIM benefits on the accident vehicle, plus UM or UIM coverage on one of the insured['s] own uninvolved "at home" vehicles.

*Id.* at 357.

This interpretation—that § 38-77-160 of the South Carolina Code bars Class II insureds from stacking multiple coverages issued under a single policy or multiple coverages that the insured *holds* but does not prevent the insured from recovering under a single personal UIM policy if he also received UIM benefits from a third-party insurer—appears consistent with the purpose of UIM insurance, in which individuals contract (and pay extra) to protect themselves in scenarios where their injuries exceed the available policy limits of third parties. *See also Burgess v. Nationwide Mut. Ins. Co.*, 644 S.E.2d 40, 42 (2007) ("[A]s general proposition, UIM coverage follows the individual insured rather than the vehicle insured, that is, UIM coverage, like

No. 24-30014

UM, is personal and portable." (internal quotation marks and citation omitted)).

\*\*\*

Because we conclude that South Carolina's law on the prohibition of stacking UIM coverage by Class II insureds does not bar Carson's recovery of UIM benefits under his USAA policy, we VACATE the district court's summary judgment and REMAND for further proceedings consistent with this opinion.